O’Neall, J.
dissenting. In this case I do not propose to do more than simply express my adherence to the dissent, which I expressed to the case of Vaughan v. Cade, and add one or two plain remarks arising out of the Act of ’39, which was not adverted to in that case.
It seems that the Magistrate’s Act of that year, 15th sec? provided that where the debt or demand did not exceed $20, a magistrate should have jurisdiction. Unquestionably there is a great difference between the words here used and those of the Act of ’24, which gave the magistrate exclusive jurisdiction, in matters of contract, as high as $20.
Under the Act of ’39,1 should say the true view would be, that if the debt or demand claimed in the plaintiff’s record, was more than $20, — that then the case would be rightfully in the superior jurisdiction. The case of Gordon v. Longest, cited by the ingenious counsel for the plaintiff, seems me to be decisive of that matter. If, however, we apply to the Act of ’39 the same construction which prevailed under the Act of 1824, still I think the Circuit decision correct. I have always understood the rule, settled before Vaughan and Cade, to be, that where the plaintiff made out a prima facie case beyond the jurisdiction, he was in the superior jurisdiction entitled to a verdict, and in the process jurisdiction to a decree, with one solitary exception ; if his demand was reduced by payments below $20, — then a non-suit might be ordered.
1 Bail. 516.
If he recovered $12 24, he was entitled to costs; otherwise not.
In this case it was purely one of unliquidated damages.— The proof did not satisfy the Judge, as in Ferguson v. Femster, that the plaintiff could not recover as much as $>20. He sent it, therefore, to the jury; and after a verdict, in his favor, which cannot be set aside as erroneous, or on the ground that the case should not have gone to the jury, I cannot perceive how it is possible to order a non-suit.
Withebs, J. concurred.